915 F.2d 1571
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald A. JOHNSON, Petitioner-Appellant,
v.
Theodore KOEHLER, Respondent-Appellee.
 No. 90-1103.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Ronald A. Johnson, a pro se Michigan prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On May 26, 1982, Johnson was convicted by a jury of attempted breaking and entering. He was sentenced to five years probation and four months in the county jail. The Michigan Court of Appeals affirmed his conviction. On April 2, 1984, Johnson was discharged from his 1982 probation. Later, on August 14, 1987, Johnson was convicted of breaking and entering, and of being a fourth degree habitual offender. Johnson was sentenced to 30-45 years imprisonment. The 1982 conviction was one of three prior convictions that was used to enhance the 1987 sentence.
 
 
 3
 Thereafter, Johnson filed his habeas petition challenging his 1982 conviction. He alleged that: 1) his conviction was obtained by a coerced confession; 2) his fifth amendment right to remain silent was violated; 3) the prosecution failed to disclose favorable evidence; and 4) he was subjected to double jeopardy. The magistrate recommended that the petition be dismissed, finding that Johnson was not presently "in custody" on the 1982 conviction. The magistrate recommended that the petition be dismissed without prejudice to Johnson's ability to refile the action should he seek to attack his 1987 conviction based upon the argument that the sentence was improperly enhanced by the 1982 conviction. The district court adopted the magistrate's recommendation after noting that Johnson had not filed objections to the magistrate's report.
 
 
 4
 On appeal, Johnson requests the appointment of counsel, and argues that he has met the "in custody" requirement.
 
 
 5
 Johnson did not file objections to the magistrate's report. Johnson did however file an affidavit from James M. Jourdan, Jr., a jailhouse lawyer, along with his notice of appeal. In the affidavit, Jourdan explained that because he and Johnson were housed in separate units, Johnson sought the assistance of another jailhouse lawyer who did not inform Johnson of the significance of filing objections. We conclude that Johnson has waived appellate review of the district court's judgment because he did not file objections to the magistrate's report, nor has he offered an adequate explanation for his failure to do so. See Thomas v. Arn, 474 U.S. 140, 155 (1985).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.